## Nicoletti Hornig & Sweeney

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
FACSIMILE 212-220-3780
general@nicolettihornig.com
www.nicolettihornig.com

JOHN A.V. NICOLETTI
**MANAGING PARTNER**
DIRECT DIAL: 212-220-3837
JNICOLETTI@NICOLETTIHORNIG.COM

August 6, 2018

<u>**VIA ECF and FACSIMILE (212) 805-4268**</u>

Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Starr Indemnity & Liability Company*
                *v. Brightstar Corp. et al.*
              13 Civ. 8580 (GWG)

Dear Judge Gorenstein:

      We represent Starr Indemnity & Liability Company. We refer to the letter of today's date from Brightstar "to request a pre-motion conference on Brightstar's Motion for Leave to File Surreply." (ECF Doc. 156) Brightstar did not confer with Starr prior to filing its request for a pre-motion conference. The letter and the attached proposed sur-reply should be struck without consideration because they are procedurally defective.

      A motion for leave to file a sur-reply is a *fait accompli*, as Brightstar improperly submitted its proposed sur-reply with its letter. It is a "fundamental procedural defect" for a party to submit its proposed sur-reply memorandum "contemporaneously with its request for leave to file such a memorandum." *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y.1990), *vacated in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990). "[T]he proposed reply papers should not be filed contemporaneously with the request for leave to submit them as doing so would enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance." *In re WorldCom, Inc.*, No. 02-13533, 2007 WL 1989262, at *5 (Bankr. S.D.N.Y. July 9, 2007) (quotation marks and citations omitted); *see also U.S. v. IBM*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975).

      "The proper procedure for filing a reply is to submit an informal request to the judge's chambers that specifies 'the basis for the request, ... the new issue to which it seeks to reply, and ... the basis for its belief that that issue is a material one.'" *WorldCom*, 2007 WL 1989262 at *5

(quoting *IBM*, 66 F.R.D. at 385). Thus, "reply papers themselves shall not be submitted until the court, having received and reviewed the application to file, invites them." *IBM*, 66 F.R.D. at 385.

Therefore, the Court should strike Brightstar's letter and the attached proposed sur-reply without consideration. *Travelers*, 735 F. Supp. at 496; *see also Lederhouse v. Landau Arnold Laufer LLP*, No. 15 Civ. 8668, 2018 WL 1635030, at *1 n. 1 (S.D.N.Y. Apr. 4, 2018) (striking unauthorized sur-reply). If Brightstar remains intent on a filing a sur-reply, it should follow the proper procedure outlined above.

A sur-reply is not, however, warranted. Brightstar asserts that the reply filed by Starr on its motion for partial summary judgment "raises new arguments."[1] (ECF Doc. 156 at 2) This is not true, as the issues referenced by Brightstar were raised in reply to the factual assertions and evidence submitted by Brightstar in its opposition to Starr's motion. In fact, one of the issues was also in Starr's opposition to Brightstar's own motion for partial summary judgment. Brightstar already had, but did not take, the opportunity to reply to this issue.

First, Brightstar asserts that Starr "falsely" claims that Brightstar's opposition to Starr's motion "mischaracterizes or omits evidence and makes unwarranted inferences from the evidence." (*Id.*) This is not a "new argument." It is a reply by Starr to the factual assertions made in Brightstar's opposition. If, as Brightstar contends, each of its "material factual assertions is supported by proper and accurate citations," then the record will bear that out. (*Id.*) A sur-reply is not necessary.

Second, Brightstar contends that Starr "improperly shoehorned" arguments concerning the admissibility of the opinions of Brightstar's expert witnesses "into its Reply, rather than raising it properly by a motion to preclude the opinions." (*Id.*) Brightstar's contention is misplaced. Its opposition to Starr's motion, including its Local Civil Rule 56.1(b) response and counterstatement, repeatedly cites to the opinions of its expert witnesses to support or dispute a fact. Under Rule 56(c)(2) of the Federal Rules of Civil Procedure, Starr properly objected that "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." That is not a "new argument" or an improper method. It is a proper objection to the evidence submitted in opposition to Starr's motion. Brightstar, as the proponent of the evidence, should have anticipated any objections to that evidence.

Indeed, Brightstar's contention that Starr's objections to the expert opinions are a "new argument" is particularly galling considering Starr stated the same objections in opposition to Brightstar's motion. (ECF Doc. 141 at 28-32) So, it is untrue for Brightstar to state that "[o]nly if the Court grants Brightstar the opportunity to file a surreply will Brightstar be able to respond adequately ...." (ECF Doc. 156 at 2) Brightstar was aware of Starr's supposedly "new argument" *before* Brightstar filed its own reply, yet Brightstar chose not to reply to Starr's objections. Brightstar should not be given a second opportunity to reply to objections it chose to ignore.

---

[1] Starr's reply papers included a response to Brightstar's 132 assertions of supposedly additional disputed material facts.

Therefore, a sur-reply is not warranted. *See, e.g., Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 71 n. 3 (S.D.N.Y. 2013) (Gorenstein, J.) (denying request to file sur-reply where Court was "unable to discern any new arguments made" in reply).

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY

By:     S/ John A.V. Nicoletti

cc:     **VIA ECF**

All Counsel of Record