UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

STARR INDEMNITY & LIABILITY COMPANY,


                          Plaintiff,                    ORDER


              -v.-
                                                        13 Civ. 8580 (GWG)

BRIGHTSTAR CORP. et al.,


                          Defendants.

-----------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

The parties in this case filed numerous documents in connection with their cross-motions for summary judgment under seal, relying on a stipulated protective order. Given the strong presumption in favor of public access to judicial documents, the Court directed the parties to make a specific showing as to why each sealed document, or portion thereof, that the parties wished to maintain under seal was entitled to sealing under the standards articulated in case law. See Order, filed May 23 (Docket # 161). The applications were required to be filed by June 3, 2019. Id.

On May 31, 2019, plaintiff Starr Indemnity filed a Motion to Seal Documents, see Plaintiff's Notice of Motion to Seal Documents, filed May 31, 2019 (Docket # 162), seeking to keep under seal only portions of two documents, both of which had been filed by defendants: 1) portions of Exhibit 9 to the Declaration of Charles P. Edwards, Esq., in Support of Brightstar's Notice of Motion for Partial Summary Judgment, filed May 25, 2018 (Docket # 134); and 2) portions of Exhibit 9 that appear and are quoted on page 23 of Brightstar's Reply in Support of Motion for Partial Summary Judgment, filed July 24, 2018 (Docket # 148). Defendants did not seek to seal documents and took no position on whether the information Starr sought to keep under seal should remain sealed. See Brightstar Corp. & Brightstar Germany GmbH's Response to Starr's Motion to Seal Documents, filed June 4, 2019 (Docket # 166).

Starr's application to seal is granted based on its unopposed claim of competitive harm that would result from disclosure. Thus, Brightstar should re-file by June 27, 2019, versions of the two documents redacted in accordance with Starr's application. As to the remaining documents, each party is directed to refile on the docket by June 27, 2019, any document that the party previously filed under seal in connection with the cross-motions for summary judgment.

Each newly-filed document (or its docket entry) should contain a reference to the docket number of the originally-filed document. If only an exhibit to a document was filed under seal, it is not necessary to refile the document and all exhibits; rather, only the previously-sealed exhibit need be refiled.

SO ORDERED.

Dated: June 20, 2019
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge