## Nicoletti Hornig & Sweeney

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
FACSIMILE 212-220-3780
general@nicolettihornig.com
www.nicolettihornig.com

JOHN A.V. NICOLETTI
MANAGING PARTNER
DIRECT DIAL: 212-220-3837
JNICOLETTI@NICOLETTIHORNIG.COM

September 17, 2019

**VIA ECF and FAX (212) 805-4268**

Hon. Gabriel W. Gorenstein
United States District Court
500 Pearl Street
New York, New York 10007

Re: *Starr Indemnity & Liability Company*
  *v. Brightstar Corp. et al.*
  Case No. 13-Civ. 8580 (GWG)

Dear Judge Gorenstein:

We represent Plaintiff Starr Indemnity & Liability Company. We write on behalf of Starr and Defendants Brightstar Corp. and Brightstar Germany GmbH to jointly request that the Court enter a final judgment on consent for the reasons and on the terms stated in this letter. Enclosed for the Court's consideration is a proposed Final Judgment.

Although the Court did not rule on all of the claims and defenses asserted in this action in its July 12, 2019 Opinion and Order on the parties' motions for partial summary judgment (ECF Doc. 176; "MSJ Order"), the parties agree that the conclusions in the MSJ Order and the stipulations (the "Stipulations") set forth in ECF Doc. 123 effectively resolve all claims and defenses without the need for trial.

The MSJ Order dismissed the Second Cause of Action in the Complaint (ECF Doc. 1) based on the Court's conclusion that the exclusion in Marine Cargo Policy No. MASICNY0154US13 (the "Policy") that is the subject of the Second Cause of Action is inapplicable under the circumstances of this action.

The parties agree that the Court's conclusions that the German warehouse at issue was an unnamed location with a $3 million limit of liability under the Policy and that a $25 million limit of liability did not apply under the Policy to the German warehouse effectively resolve the claims

| NEW JERSEY | ILLINOIS | GEORGIA |
|---|---|---|
| 505 MAIN STREET, SUITE 106 | ONE NORTHBROOK PLACE | 4555 MANSELL ROAD, SUITE 300 |
| HACKENSACK, NJ 07601-5928 | 5 REVERE DRIVE, SUITE 200, NORTHBROOK, IL 60062 | ALPHARETTA, GA 30022 |
| T 201-343-0970 • F 201-343-5882 | T 847-205-5309 • F 847-205-5310 | T 770-521-4234 • F 770-521-4200 |

Hon. Gabriel W. Gorenstein - 2 - September 17, 2019

in the Fourth Cause of Action in the Complaint and in the First, Third, Fourth and Fifth Causes of Action in the Counterclaim (ECF. Doc. 26).

The parties agree to dismiss all remaining claims with prejudice. These are the First and Third Causes of Action in the Complaint, which the parties agree are resolved by the Stipulations, and the Second and Sixth Causes of Action in the Counterclaim.

Second Circuit precedent recognizes that a final judgment may be entered and an appeal pursued where a summary judgment order operates as an "effective dismissal" of a claim and the parties request that any remaining claims be dismissed with prejudice. *See Ali v. Fed. Ins. Co.*, 719 F.3d 83, 89 (2d Cir. 2013). Accordingly, the parties respectfully request that the Court enter final judgment as follows:

- in favor of Brightstar and against Starr on the Second Cause of Action in the Complaint, declaring that the exclusion in the Policy that is the subject of the Second Cause of Action is inapplicable under the circumstances of this action for the reasons stated in the Court's Opinion and Order;

- in favor of Starr and against Brightstar on the Fourth Cause of Action in the Complaint and on the First, Third, Fourth and Fifth Causes of Action in the Counterclaim, declaring that a $25 million limit of liability did not apply under the Policy to the German warehouse for the reasons stated in the Court's Opinion and Order;

- dismissing the remaining causes of action asserted in the Complaint and in the Counterclaim with prejudice; and

- not awarding costs to date to any party.

The parties are not requesting that the Court make any declaration concerning its conclusion that the German warehouse was an unnamed location with a $3 million limit of liability under the Policy because they have come to a separate agreement on that issue.

The request for entry of a final judgment is solely a recognition that the conclusions in the MSJ Order and the Stipulations effectively resolve all of the claims and defenses in this action, leaving nothing further to adjudicate. Upon entry of the final judgment, Brightstar intends to appeal the Court's ruling that a $25 million limit of liability did not apply under the Policy to the German warehouse. Starr reserves the right to file a cross-appeal on the Court's conclusion that the exclusion in the Policy that is the subject of the Second Cause of Action in the Complaint is inapplicable under the circumstances of this action.

Hon. Gabriel W. Gorenstein — - 3 - — September 17, 2019

The parties are available to discuss any questions the Court may have concerning the foregoing.

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY

By:   s/ John A.V. Nicoletti

cc:   **VIA ECF**

All Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHTSTAR CORP. and<br>BRIGHTSTAR GERMANY GmbH,<br><br>Defendants. | **FINAL JUDGMENT**<br><br>13 Civ. 8580 (GWG) |

The Court having ruled on the parties' cross-motions for partial summary judgment in an Opinion and Order dated July 12, 2019 (ECF Doc. 176) and the parties having submitted a joint application for entry of this Final Judgment on agreed terms, it is:

ORDERED, ADJUDGED and DECREED that:

1. For the reasons stated in its Opinion and Order, the Court declares that the exclusion in Marine Cargo Policy No. MASICNY0154US13 (the "Policy") that is the subject of the Second Cause of Action in the Complaint (ECF Doc. 1) is inapplicable under the circumstances of this action and judgment is hereby granted in favor of Defendants Brightstar Corp. and Brightstar Germany GmbH (collectively, "Brightstar") and against Plaintiff Starr Indemnity & Liability Company on the Second Cause of Action in the Complaint.

2. For the reasons stated in its Opinion and Order, the Court declares that a $25 million limit of liability did not apply under the Policy to the German warehouse where the loss that is the subject of this action occurred and judgment is hereby granted in favor of Starr and against Brightstar on the Fourth Cause of Action in the Complaint and on the First, Third, Fourth and Fifth Causes of Action in the Counterclaim (ECF. Doc. 26).

3. All remaining causes of action asserted in the Complaint and in the Counterclaim are hereby dismissed with prejudice.

4. Upon the application of the parties, costs to date are not awarded to any party.

Dated: _____, 2019
    New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2